UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| JERRICK ANDRE BROWN, ) | Civil Action No.: 4:07-cv-1613-TLW-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | |
| CITY OF FLORENCE POLICE DEP'T, ) | |
| GERALD CAMERON, individually and/or ) | |
| in his official capacity, and MICHAEL ) | |
| SWARINGER, individually and/or in his ) | |
| official capacity, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**I.     INTRODUCTION**

Plaintiff, proceeding pro se, brings this action alleging claims for false arrest, false imprisonment, violations of his due process rights, and negligent hiring, training and supervision of the Defendant Officers by the Defendant City.   On May 23, 2008, Defendants filed a Motion for Summary Judgment (Document # 45).  Because Plaintiff is proceeding pro se, he was advised on May 27, 2008, pursuant to Roseboro v. Garrison, 528 F.3d 309 (4th Cir. 1975), that a failure to respond to Defendants' Motion for Summary Judgment, could result in dismissal of his Complaint. The deadline for Plaintiff's response to Defendant's Motion was June 30, 2008.  Plaintiff did not file a response by the deadline.

**II.     DISCUSSION**

      A.     Rule 41(b) Dismissal

A complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil

Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990); Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

 (1) the degree of plaintiff's responsibility in failing to respond;

 (2) the amount of prejudice to the defendant;

 (3) the history of the plaintiff in proceeding in a dilatory manner; and,

 (4) the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69,70 (4th Cir. 1978).

In the present case, Plaintiff is proceeding pro se so he is entirely responsible for his actions. It is solely through Plaintiff's neglect, and not that of an attorney, that no response has been filed. Plaintiff has not responded to Defendants' Motion nor has he otherwise participated in this action since he filed her Complaint. The undersigned concludes Plaintiff has abandoned his lawsuit. Plaintiff's failure to participate in this action has frustrated Defendants' attempts to move forward in this case. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Rule 41(b), Fed.R.Civ.P.

 B. Motion for Summary Judgment

  1. Facts

On April 6, 2007, Defendant Michael Swaringer, Jr., a police officer for the City of Florence, responded to a call from the owner of a repossession company who stated he had discovered a twelve gauge shotgun in the trunk of a car that his company had recently repossessed. Swaringer Aff. at ¶¶ 2, 5. Plaintiff was the owner of the repossessed vehicle. Id. at ¶ 7. Swaringer contacted Plaintiff

about the shotgun to arrange to have the weapon returned to him or the rightful owner. Id. at ¶ 9. Plaintiff informed Swaringer that he did not own the shotgun and did not know to whom the shotgun belonged. Id. at ¶ 10.

The fact that Plaintiff could not explain why there was a loaded shotgun in the trunk of his car raised suspicions. Id. at ¶ 13. Therefore, Defendant Gerald Cameron, police officer for the City of Florence and a shift Sergeant at the time of this incident, authorized a criminal history search on Plaintiff. Cameron Aff. at ¶¶ 2,5,8. The Plaintiff's NCIC report appeared to indicate that Plaintiff was not allowed to be in possession of a firearm due to Plaintiff's criminal history. Swaringer Aff. at ¶ 14. Additionally, during the investigation, Swaringer learned that Plaintiff's girlfriend contacted the finance company that had possession of Plaintiff's repossessed car and indicated that the shotgun belonged to Plaintiff. Id. at ¶ 15.

Based on the above information, Swaringer applied for an arrest warrant for unlawful possession of a weapon. Id. at ¶ 16; see also Arrest Warrant (attached as an exhibit to Swaringer's Affidavit). A Municipal Judge signed the warrant. Id. at ¶ 17.

Swaringer attempted to serve the warrant on Plaintiff at his residence several times but was unsuccessful. Id. at ¶¶ 18-19. Therefore, Swaringer contacted Plaintiff and told him to come in and sign some paperwork so the shotgun could be released from the property control room. Id. at ¶ 20. Plaintiff agreed to meet Swaringer at the City of Florence Police Department's South Region headquarters, where Swaringer served the warrant upon Plaintiff and placed him under arrest. Id. at ¶¶ 21-22. Swaringer then met up with a City of Florence Police Department transport officer, who took custody of Plaintiff and transported him to the Florence County Detention Center. Id. at ¶ 23.

Plaintiff alleges[1] in his Complaint that, prior to his arrest, he advised Swaringer that the crime of violence that appeared on his criminal history report was dismissed and he was not convicted of the crime. Complaint at ¶ 19. Plaintiff also alleges that Swaringer transported him to a local convenience store, where he was taken from one police car, uncuffed, searched, then recuffed and shackled before being placed into another police car during rush hour and in plain view of passing cars. Id. at ¶ 21.

Plaintiff also alleges that Plaintiff was transported to the county jail where he was booked, and he stayed overnight without food or drink and was offered only two blankets and a cold concrete floor on which to sleep. Id. at ¶¶ 22-24.

2.     Standard of Review

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), FRCP; Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine issue for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine issue for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party.

---

[1] Plaintiff's Complaint is not verified nor does Plaintiff submit evidence to support his allegations.

Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

Rule 56(e) provides, "when a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." See also Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). To raise a genuine issue of material fact, a party may not rest upon the mere allegations or denials of his pleadings. Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any." Id. at 322. See also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

3.    Discussion

Plaintiff asserts causes of action for false arrest, wrongful imprisonment, violations of his due process rights, and negligent hiring, training and supervision of the Defendant Officers by the Defendant City. For the reasons discussed below, summary judgment is appropriate on each cause of action.

          a.      False Arrest and Wrongful Imprisonment

To state a claim for false arrest, also known as false imprisonment[2], Plaintiff must claim an arrest made without an arrest warrant. See Porterfield v. Lott, 156 F.3d 563, 568 (4th Cir.1998) ("[A] claim for false arrest may be considered only when no arrest warrant has been obtained."); Brooks v. City of Winston-Salem, 85 F.3d 178 (4th Cir.1996) (a public official cannot be charged with false arrest when he makes the arrest pursuant to a facially valid warrant).  Plaintiff does not dispute that an arrest warrant was issued but alleges that "Defendant Swaringer deliberately or recklessly made material false statements and omissions on the warrant affidavit." Complaint at ¶ 13.  Where an officer makes material false statements in an affidavit made in support of an arrest, or makes such statements in reckless disregard for the truth, and probable cause does not exist without the offending statements, then probable cause does not exist for the arrest. See Miller v. Prince George's County, Md., 475 F.3d 621 (4th Cir.2007); Wilkes v. Young, 28 F.3d 1362 (4th Cir.1994).  Defendants present evidence by way of the affidavits of Swaringer and Cameron that Plaintiff's girlfriend made the statement that the gun belonged to Plaintiff and Plaintiff's NCIC report indicated that Plaintiff was not allowed to possess a firearm in light of his criminal history.  Plaintiff has presented no evidence to the contrary.  Thus, Defendant Swaringer obtained a facially valid warrant prior to arresting Plaintiff and Plaintiffs claims for false arrest and wrongful imprisonment must fail.

          b.      Violation of Due Process Rights

Plaintiff also claims that his due process rights were violated by the allegedly illegal arrest. The Supreme Court has held that claims of false arrest or wrongful imprisonment should be brought under the Fourth Amendment and that the Fourteenth Amendment "can afford [Plaintiff] no relief.

---

[2] See Dorn v. Town of Prosperity, C.A. No. 8:06-cv-2571-RBH, 2008 WL 3318876 at *1 (D.S.C. Aug. 6, 2008).

Thus, Plaintiff's claim for violation of his due process rights under the Fourteenth Amendment fails as well.

       c.   Negligent Hiring, Training, and Supervision

Plaintiff asserts that Defendant City of Florence Police Department was negligent in hiring, training, and supervising Swaringer and Cameron. In order to maintain a 42 U.S.C. § 1983 municipal liability claim, a plaintiff must affirmatively establish that the alleged constitutional violation was directly caused by an official practice, policy, or custom of the municipality. Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Plaintiff fails to present any evidence to create a genuine issue of material fact as to whether the alleged constitutional violations were "directly caused by an official practice, policy or custom of the municipality." Thus, summary judgment is appropriate on these claims as well.

To the extent Plaintiff is asserting state law claims for negligence, it is recommended that the court decline to exercise jurisdiction over those claims. If the district judge accepts this Report and Recommendation, then the original federal jurisdiction claims will be dismissed. Title 28 U.S.C. § 1367(c)(3) provides, in pertinent part, "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." The Fourth Circuit has recognized that "trial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir.1995) (holding district court did not abuse its discretion in declining to retain jurisdiction over the state law claims). See also, e.g., United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726-27, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); Revene v. Charles County Comm'rs, 882 F.2d 870, 875 (4th Cir.1989). Therefore, the undersigned

recommends that the district judge decline to retain jurisdiction over Plaintiff's state law claims for negligence.

    4.    Conclusion

Based on the foregoing, it is recommended that summary judgment be granted as to Plaintiffs claims for false arrest, wrongful imprisonment and violation of due process rights and that the court decline to exercise jurisdiction over Plaintiff's negligence claim

### III. CONCLUSION

In light of the above analysis, it is recommended that this case be dismissed pursuant to Rule 41(b), Fed.R.Civ.P. In the alternative, it is recommended that Defendants' Motion for Summary Judgment (Document # 45) be granted.

                      s/Thomas E. Rogers, III
                      Thomas E. Rogers, III
                      United States Magistrate Judge

October 9, 2008
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**